AO 241 (Rev. 09/17)

**FILED**

APR 25 2022

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

### PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
### HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Northern District og Ohio (E.D.) |
|---|---|
| Name (under which you were convicted): Otis S. Miller | **1:22** **CV** **662** Docket or Case No.: |
| Place of Confinement: Richland Correctional Inst. Mansfield, Ohio | Prisoner No.: A-754-280 |
| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
| Otis S. Miller | v. Kenneth Black, Warden |
| The Attorney General of the State of: | **JUDGE KNEPP** |

**MAG JUDGE CLAY**

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Lake County Court of Common Pleas - Painsville, Ohio

    (b) Criminal docket or case number (if you know): 17-CR-001304

2.  (a) Date of the judgment of conviction (if you know): September 28, 2018

    (b) Date of sentencing: October 29, 2018

3.  Length of sentence: An Aggregate Term of 12 Years

4.  In this case, were you convicted on more than one count or of more than one crime?  **XX** Yes  ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    One Count of Trafficking in Cocaine - F-1 and,

    One Count of Trafficking in Drugs - F-2

6.  (a) What was your plea? (Check one)

    ☐ (1) Not guilty      ☐ (3) Nolo contendere (no contest)

    **XX** ☐ (2) Guilty      ☐ (4) Insanity plea

Page 2 of 16

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?     N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury     ☐ Judge only     N/A

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes     ☒ No

8. Did you appeal from the judgment of conviction?

☒ Yes     ☐ No

9. If you did appeal, answer the following:

(a) Name of court:     Eleventh District Court of Appeals

(b) Docket or case number (if you know):     2018-L-13

(c) Result:     Trial Court AFFIRMED

(d) Date of result (if you know):     June 10, 2019

(e) Citation to the case (if you know):     2019-Ohio-2290

(f) Grounds raised:     See Attached: (Answer to Question 9-f)

(g) Did you seek further review by a higher state court?     ☐ Yes     ☒ No

If yes, answer the following:

(1) Name of court:     N/A

(2) Docket or case number (if you know):     N/A

(3) Result:     N/A

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____ N/A _____

(5) Citation to the case (if you know): _____ N/a _____

(6) Grounds raised: _____ N/A _____

 

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____ N/A _____

(2) Result: _____ N/a _____

_____ N/A _____

(3) Date of result (if you know):

(4) Citation to the case (if you know): _____ N/A _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☒☒ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: **Eleventh District Court of Appeals**

(2) Docket or case number (if you know): **2018-L-133**

(3) Date of filing (if you know): **Unknown**

(4) Nature of the proceeding: **Re-Open Direct Appeal - App. R. 26(B)**

(5) Grounds raised: **See Attached: (Answer to Question 11-a-5)**

 

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☒☒ No

(7) Result: **Application to Re-Open Direct Appeal DENIED**

AO 241 (Rev. 09/17)

(8) Date of result (if you know): November 8, 2019

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Lake County Court of Common Pleas

(2) Docket or case number (if you know): 2017-CR-001304

(3) Date of filing (if you know): January 2, 2020

(4) Nature of the proceeding: Petition for Post-Conviction Relief

(5) Grounds raised: See Attached: (Answer to Question 11-b-5)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☒ No

(7) Result: Petition for Post-Conviction DENIED

(8) Date of result (if you know): March 11, 2021

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/a

(5) Grounds raised: N/A

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❐ Yes    ❐ No

(7) Result: _____ N/A _____

(8) Date of result (if you know): _____ N/A _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    ❐ Yes    ☒ No

    (2) Second petition:  ☒ Yes    ❐ No

    (3) Third petition:    ❐ Yes    ❐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

The Grounds for Relief Raised in This Habeas Petition Were Properly

Presented to the Ohio Supreme Court

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**    See Attached: Answer To Question 12 and Question 12-a)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:     N/A

AO 241 (Rev. 09/17)

(c)     **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☒ No

    (2) If you did not raise this issue in your direct appeal, explain why: __The Grounds For Relief__

__Raised in this Petition are based on facts outside the trial court record__

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☒ Yes     ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:     __Petition for Post-Conviction Relief__

    Name and location of the court where the motion or petition was filed:

    __Lake County Court of Common Pleas - Painsville, Ohio__

    Docket or case number (if you know):     __2017-CR-001304__

    Date of the court's decision:     __March 11, 2021__

    Result (attach a copy of the court's opinion or order, if available):

    __Petition for Post-Conviction Relief DENIED__

    (3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☒ No

    (4) Did you appeal from the denial of your motion or petition?     ☒ Yes     ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☒ Yes     ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    __Ohio's Eleventh District Court of Appeals for Lake County, Ohio__

    Docket or case number (if you know):     __2021-L-040__

    Date of the court's decision:     __November 1, 2021__

    Result (attach a copy of the court's opinion or order, if available):

    __Decision of the Trial Court AFFIRMED__

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

    __N/A__

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:     N / A

**GROUND TWO:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Attached [Answer to Question 12 & 12-a]

GROUND FOR RELIEF NO. II

(b) If you did not exhaust your state remedies on Ground Two, explain why:     N / A

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes          ☒ No

(2) If you did *not* raise this issue in your direct appeal, explain why: _____

The claim in Ground for Relief No. II did not exist until

the Ohio Appellate Court issued it decision on 11/08/2019

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ☐ Yes          ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     N / A

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

AO 241 (Rev. 09/17)

Date of the court's decision: _____ N / A _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                    ❏  Yes    ❏  No

(4) Did you appeal from the denial of your motion or petition?               ❏  Yes    ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏  Yes    ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : _____

_____

_____

_____

**GROUND THREE:** _____ N / A _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

13.   Please answer these additional questions about the petition you are filing:

    (a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?  X☒ Yes     ☐  No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:     _N / A_

    (b)   Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

            N / A

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?     ☐  Yes     X☒ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available.     N / A

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?     ☐  Yes     X☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised.     N / A

AO 241 (Rev. 09/17)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:    Melissa A. Blake - Assistant Public Defender

125 East Erie Street, Painsvile, Ohio 44077

(b) At arraignment and plea:    Same

(c) At trial:    same

(d) At sentencing:    Same

(e) On appeal:    Same

(f) In any post-conviction proceeding:    Pro se

(g) On appeal from any ruling against you in a post-conviction proceeding:    Pro se

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:    N/A

(b) Give the date the other sentence was imposed:    N/A

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes    ☐ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

This petition is timely filed under the tolling provisions and filing collateral proceedings in the State Courts.

[ANSWER TO QUESTION 9-f]

ASSIGNMENTS OF ERROR RAISED ON DIRECT APPEAL

## ASSIGNMENT OF ERROR NO. I

THE TRIAL COURT ERRED BY SENTENCING DEFENDANT
--APPELLANT TO MANDATORY AND CONSECUTIVE
SENTENCES TOTALING 12 YEARS

[ANSWER TO QUESTION 11-a-5']

ISSUES RAISED IN APPLICATION TO REOPEN
DIRECT APPEAL PURSUANT TO APPELLATE RULE 26(B)

## PROPOSED ERROR NO. I

TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE
DENYING THE APPELLANT HIS RIGHT TO EFFECTIVE
ASSISTANCE OF COUNSEL AS PROTECTED UNDER THE
SIXTH AMENDMENT TO THE UNITED STATES
CONSTITUTION, AS WELL AS ARTICLE I, SECTION
10 OF THE OHIO CONSTITUTION, WHEN SAID
COUNSEL INDUCED THE APPELLANT TO PLEAD GUILTY
BEFORE CONDUCTING THE SUPPRESSION HEARING AND
CHALLENGING THE STOP OF APPELLANT IN HIS
VEHICLE.

[ANSWER TO QUESTION 11-b-5']

ISSUES RAISED IN PETITION FOR POST-CONVICTION

### ISSUE NO. 1

ATTORNEY MELISSA BLAKE FAILED TO CHALLENGE THE UNCONSTITUTIONAL, ILLEGAL AMENDED INDICTMENT.

### ISSUE NO. 2

ATTORNEY MELISSA BLAKE FAILED TO PROPERLY INVESTIGATE THE CASE

### ISSUE NO. 3

ATTORNEY MELISSA BLAKE FAILED TO PREPARE A DEFENSE AS TO THE CHARGES LODGED AGAINST THE PETITIONER

### ISSUE NO. 4

ATTORNEY MELISSA BLAKE FAILED TO MOVE FOR A JUDICIAL REVIEW UNDER CRIM.R. 16(F), THE PROSECUTION;S CERTIFICATE-OF-NONDISCLOSURE, FOR ABUSE OF DISCRETION

### ISSUE NO. 5

ATTORNEY MELISSA BLAKE FAILED TO CHALLENGE THE LEGALITY OF THE TRAFFIC-STOP, IMPOUNDMENT AND SEARCH OF THE VEHICLE OF MR. MILLER'S VEHICLE AND CONTAINERS/CONTENTS

### ISSUE NO. 6

ATTORNEY MELISSA BLAKE FAILED TO CHALLENGE THE LEGALITY OF THE SEARCH WARRANT FOR MR. MILLER'S RESIDENCE AND SURROUNDING CURTILAGE

### ISSUE NO. 7

ATTORNEY MELISSA BLAKE PREJUDICED MR. MILLER'S RIGHTS BY FAILING TO PURSUE THE MOTION TO SUPPRESS THE FRUITS OF THE SEARCH

[ANSWER TO QUESTION 12 & 12-a]

Grounds On Which I Claim To Be Held
In Violation Of The Laws And Treaties
Of The United States Constitution

GROUND FOR RELIEF NO. I

PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF
TRIAL COUNSEL, IN VIOLATION OF HIS SIXTH, AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES
CONSTITUTION WHEN COUNSEL FAILED TO REVIEW THE
SEARCH WARRANTS AND SUPPORTING AFFIDAVIT AND
FAILED TO USE AVAILABLE FACTS AND EVIDENCE TO
CHALLENGE THE EXECUTION OF THE SEARCH WARRANT

SUPPORTING ARGUMENTS:

In this case trial counsel initially filed a preliminary
motion to suppress. Counsel argued that the execution of the
search warrant exceeded the scope of the warrant as issued.

Specifically, counsel argued that the search warrant was
limited to the Petitioner and the surrounding curtilage of the
residence specified in the search warrant.

Counsel argued that, upon executing the search warrant the
officers executing the warrant watched as petitioner exited the
residence in question, get into a car and drive away from that
residence.

Those officers contacted the local police department and
requested that they stop Petitioner, approximately one-half of a
mile away. Petitioner and his vehicle was then searched at some
undisclosed location outside of the curtilage of the residence
cited in the search warrant.

Based on the above cited facts, trial counsel filed a motion to suppress and argued that the limitations placed on the search warrant by the Magistrate required that the search of Petitioner and/or his property, including his vehicles, were to be connected to the residence or the curtilage surrounding that residence that was defined in the search warrant.

Having filed the motion to suppress and having no new facts regarding the search warrant, trial counsel abandoned the motion and strongly recommended that Petitioner accept a plea offer. With respect to the procedural concerns, when advising Petitioner to enter a plea of guilty, trial counsel failed to discuss anything regarding a second search warrant or the affidavit supporting a second search warrand.

Moreover, counsel did not advise Petitioner that both search warrants and affidavits were under seal at the request of the State. More to the point, trial counsel, being fully aware that the search warrants and supporting affidavits were under seal, did not advise Petitioner that any potential arguments related to the validity of those search warrants and supporting affidavits were required to be raised in collateral proceedings. More troubling still, trial counsel did not inform Petitioner that any collateral proceedings would have mandatory filing deadlines and require strict compliance with those filing requirements.

Even more troubling, trial counsel represented Petitioner on direct appeal from his plea and conviction and did not inform him of the potential conflict associated with trial counsel not raising ineffectiveness of trial counsel on appeal.

The extent of trial counsel's ineffective assistance was not known to Petitioner until he sought pro se relief. As reflected in the State record, Petitioner originally filed his claim of ineffective trial counsel by initiating a timely Application to Reopen Direct Appeal pursuant to Ohio Appellate Rule 26(B). In denying that application, the Ohio appellate court made a number of factual observations that are directly related to the procedural issues that directly relate to this habeas petition.

Specifically, the Ohio appellate court cited case authority for the proposition that trial counsel cannot be expected to raise ineffectiveness of counsel on herself, when representing the same client on appeal.

Accordingly, and as argued in the Memorandum in Support of Habeas Corpus, filed with this habeas application, in Ohio, once trial counsel assumes the roll of appellate counsel, any error in the trial court record that is not raised on direct appeal, is forever barred from review under the doctrine of res judicata.

Under the Ohio Rule of Professional Conduct, counsel would be required to inform their client of any such consequences for such duel representation. Here, it was the Ohio appellate court that informed Petition of that "consequence" and only AFTER filing a timely application to reopen his direct appeal.

In addition, it was the Ohio appellate court, in addressing the timely filed 26(B) Application, that informed Petitioner that the search warrants and affidavits, needed to review his claim of trial counsel ineffectiveness, was NOT in the Trial Court Records.

Having informed Petitioner, on November 8, 2019, that his claim had to be raised in collateral proceedings, and had to be filed by December 19, 2019, Petitioner proceeded to prepare his post-conviction petition, which was not filed until January 2, 2020, fourteen days beyond its filing deadline.

Thereafter, on March 11, 2021, the trial court denied the petition for post-conviction relief, and on November 1, 2021, the Ohio appellate court affirmed that denial.

However, in affirming the trial court's denial, the Ohio appellate court did not rest its decision on a procedural default issue. Rather, the appellate court dedicated paragraphs 23 - 39, analyzing Petitioner's claim of ineffective trial counsel.

Thus, in regards to trial counsel's ineffectiveness, having abandoned the Motion to Suppress initially filed by trial counsel, the question turns on whether there is a reasonable likelihood of success, had counsel moved forward with the suppression hearing.

As set forth in the Memorandum in Support of Habeas Corpus, filed with this application, in order to address the question of whether trial counsel would have been successful if she followed through with the suppression hearing, that question turns on what counsel knew at the time the time the motion was filed.

Assuming the State record is correct, and accordingly to the County Prosecutor, trial counsel was provided copies of both search warrants and the affidavits through discovery. Thus, counsel was fully informed when the Motion to Suppress was filed.

To be clear, there was no dispute that Petitioner was stopped outside of the curtilage of the residence depicted in the search warrants. It equally follows that all of the evidence used by the State to indict petitioner was discovered during the search of Petitioner, his vehicle, and the containers inside the vehicle, the search which was conducted outside of the curtilage of the residence depicted in the search warrants.

Based on the above facts, trial counsel argued that the limitations placed on the search warrants by the Magistrate that issued the search warrants, were exceeded by the officers that executed the search. By all accounts, trial counsel was correct.

With that said, the requirements for issuing a search warrant in Ohio is clearly established. The permissible scope of a search warrant is defined by the terms of the search warrant itself, and must be strictly construed in both their application and creation. The search itself is equally defined in Ohio.

Ohio law, consistent with United States Supreme Court case authority, has made it clear that if the scope of the search warrant exceeds that permitted by the terms of a validly issued warrant, the subsequent seizure is unconstitutional.

Moreover, in determining whether a search exceeds the scope of a warrant, the first inquiry is whether the place searched reasonably appears to be the place described in the warrant.

The Supreme Court has also stated, the particularity requirement was intended to prevent the abusive, general or exploratory searches.

The State record in this case shows two important facts. Fact One: the search of Petitioner, his vehicle, and the vehicle's contents were not conducted within the curtilage of the residence described in the search warrants, according to trial counsel's motion to suppress.

Fact Two: Trail counsel drafted her motion to suppress after reviewing both search warrants, and did not discuss the facts regarding the motion to suppress with Petitioner prior to advising him to accept the plea deal.

With respect to this Ground for Relief, had trial counsel informed Petition of all of the facts set forth herein, clearly Petitioner would have rejected any plea offer and insisted on proceeding with the suppression hearing and, if necessary, trial, State and Federal review. The fact that Petitioner seeks that very relief, buttresses that assertion.

[ANSWER TO QUESTION 12 & 12-a]

Grounds On Which I Claim To Be Held
In Violation Of The Laws And Treaties
Of The United States Constitution

GROUND FOR RELIEF NO. II

PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF
COUNSEL ON APPEAL, IN VIOLATION OF THE SIXTH, AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES
CONSTITUTION, WHEN COUNSEL FAILED TO INFORM HIM
OF POTENTIAL POST-CONVICTION ISSUES AND THE
MANDATORy PROCEDURES ASSOCIATED WITH SUCH
PLEADINGS.

SUPPORTING FACTS:

The right to the effective assistance of appellate counsel
was well established in Ohio at the time of Petitioner's direct
appeal in the state court. To that point, and as an initial
matter, this Ground for Relief was raised for the first time to
the Ohio Supreme Court. Significantly, it was Petitioner's first
opportunity to raise this claim, and only became necessary as a
result of the Appellant Court's reasoning in denying Petitioner's
etition for post-conviction relief.

With respect to raising this Ground for Relief for the first
time in the Ohio Supreme Court, the Sixth Circuit has had that
some claims of ineffective assistance of appellate counsel may be
raised for the first time to the Ohio Supreme Court. The Sixth
Circuit has further explained that, under such circumstances,
where the State court has not addressed or resolved claims that
are based on federal law, most courts, including the Sixth
Circuit, have held that when a decision is not an adjudication on
the merits, a habeas court reviews such unaddressed claims under
a de novo reviewing standard.

Page 1 of 4

With respect to ineffective counsel claims, the Sixth Circuit has also recognized that Ohio law contemplates two basic types of counsel ineffectiveness claims. Those based only on evidence in the trial court record and those based in part, on evidence that is outside the record.

Here, based on the appellate court's decision when addressing the 26(B) Application, the first type is not relevant. Rather, the claim of ineffective appellate counsel focuses on facts that are outside the State record.

Dispite the fact that the Ohio appellate court dedicated numerous paragraphs in their decision analyzing, and rejecting the merits of the issue raised in Ground for Relief No. I, that court did so while insisting that the search warrants and affidavits supporting those search warrants, were not contained in the State records.

As a result, the Ohio appellate court determined that when it is impossible to determine whether the attorney was ineffective, ***, where the allegations of ineffectiveness are based on facts not appearing in the record, such a defendant should avail themselves via post-conviction evidentiary hearing procedures.

In this case, it was the appellate court that first informed Petitioner that the search warrants and supporting affidavits were not part of the record. The appellate court cited that reason when denying Petitioner's timely Application to Reopen Direct Appeal - despite the fact that the state prosecutor claimed those documents were provided to trial counsel through pre-trial discovery.

Page 2 of 4

The Sixth Circuit has addressed the significance of appellate counsel's failure to inform a client of potential collateral issues and the mandatory filing requirements related to such proceedings. In fact, the Sixth Circuit has analyzed such claims of appellate counsel ineffectiveness, in the context of Ohio Rules of Professional Conduct, and the seminal case defining a defense attorney's obligations.

The Sixth Circuit, citing the United States Supreme Court, determined that among the more particular duties that derive from counsel's function as assistant to the defendant are the duties to consult with the defendant on important decisions and keep the defendant informed in important developments in the course of the prosecution. The Sixth Circuit also emphasized that the date of an event on direct appeal that triggers the time for filing a post-conviction petition, surely constitutes such an important development.

Regardless of the fact that, in this case, trial counsel and appellate counsel were one and the same, counsel should have informed Petitioner that any attempt to challenge the search warrant and supporting affidavits would require collateral proceeding, assuming the Ohio appellate court was correct, and those documents were not part of the record.

Because this Ground for Relief establishes a Sixth Amendment constitutional violation, and directly impacts overcoming a State procedural default issue, and questions whether the proceedings were "properly filed" for habeas purposes, Petition submits the following for this Court's consideration.

In this case, the State record shows that Petitioner timely filed his application to reopen direct appeal. The record also shows that, once informed, correctly or not, Petitioner filed his post-conviction petition within six-(6) weeks of being informed of the need to do so. Thus, Petitioner has been diligent in every aspect of his attempt to bring the Fourth Amendment / search warrant issue to the attention of the Ohio reviewing courts.

More importantly, regardless of whether or not the search warrants and supporting affidavits were contained in the State records, the appellate court did not rest their decision on a procedural default. Rather, that court conducted an extensive review of the Fourth Amendment claim, and rejected that claim accordingly.

As a result, Petitioner was in fact diligent in every aspect of attempting to raise the ineffective assistance of appellate claim, at issue in this Ground for Relief, to the Ohio Supreme Court, at which time he also exhausted his claim of trial counsel ineffectiveness.

Accordingly, Petitioner respectfully submits that any defects in the State proceedings, are attributed to appellate counsel's ineffective representation.

Petitioener seeks relief consistent with the arguments set forth in both Grounds for Relief accordingly.

provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:_____

A conditional writ requiring the State to correct the Constitutional Violations that resulted in Petitioner's incarceration and, any other appropriate relief.

or any other relief to which petitioner may be entitled.

_____ Pro se
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ 4-20-22 (month, date, year).

_____
Executed (signed) on (date).

_____ Pro se
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.